CLEVELAND BAR ASSOCIATION *v.* KURTZ.

[Cite as *Cleveland Bar Assn. v. Kurtz* (1996), 76 Ohio St.3d 1225.]

(No. 94–2651—Submitted and decided September 16, 1996.)

ON APPLICATION FOR REINSTATEMENT.

This cause came on for further consideration upon the filing of an application for reinstatement on November 8, 1995, and an amended application on May 20, 1996, by respondent John C. Kurtz, a.k.a. John Charles Kurtz, Attorney Registration No. 0019012, last known address in Parma, Ohio.

The court coming now to consider its corrected order of April 12, 1995, wherein the court, pursuant to Gov.Bar R. V(6)(B)(3), suspended respondent for a period of six months, with the suspension to be followed by a two-year monitored probation period on the condition that, prior to reinstatement and placement on a two-year probationary period, respondent make full restitution with interest at the judgment rate to the Tuballeses, and that such restitution, including interest at the judgment rate, be made regardless of any other agreement that respondent may have entered into with the Tuballeses or any other party, finds that respondent has substantially complied with that order and with the provisions of Gov.Bar R. V(10)(A). Therefore,

IT IS ORDERED by this court that John C. Kurtz, a.k.a. John Charles Kurtz, be, and hereby is, reinstated to the practice of law in the state of Ohio, and that he be placed on a two-year probationary period.

IT IS FURTHER ORDERED that relator, Cleveland Bar Association, file with the Clerk of this court, on or before thirty days from the date of this order, the name of the monitoring attorney.

IT IS FURTHER ORDERED that at the end of respondent's probationary period the relator file with the Clerk of this court a report indicating whether respondent complied with the conditions of probation.

IT IS FURTHER ORDERED that at the end of the two-year probationary period respondent may apply for termination of probation as provided in Gov.Bar R. V(9). It is further ordered that respondent's probation shall not be terminated until (1) respondent files an application for termination of probation in compliance with Gov.Bar R. V(9); (2) respondent complies with this and all other orders issued by this court; (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (4) relator files with the Clerk of this court a report indicating that respondent complied with the conditions of probation; and (5) this court orders that the probation be terminated.

IT IS FURTHER ORDERED, *sua sponte,* by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte,* by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Cleveland Bar Assn. v. Kurtz* (1995), 72 Ohio St.3d 18, 647 N.E.2d 150.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.